18-994-cr
*United States v. Suarez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand nineteen.**

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.                          No. 18-994-cr

GERSON PALAGIO SUAREZ,[1]

    *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | ALAN NELSON, Law Office of Alan Nelson, Esq., Lake Success, NY. |
| For Appellee: | JASON M. SWERGOLD, Assistant United States' Attorney (Amanda L. Houle, Karl Metzner, Assistant United States' Attorneys, |

---

[1] The Clerk of Court is directed to amend the caption as above.

1

*on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Gerson Palagio Suarez appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*), convicting him, after a plea of guilty, of two counts of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501 *et seq.*: (i) manufacturing and distributing, and possessing with intent to manufacture and distribute, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, while aboard a vessel subject to the jurisdiction of the United States, and (ii) conspiracy to do the same. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

All issues here on appeal were resolved by precedential opinion in *United States v. Van Der End*, No. 17-2926, 2019 WL 5991546 (2d Cir. Nov. 14, 2019), in which we affirmed the district court's judgment as to Suarez's codefendant, Stefan Van Der End, who raised identical arguments on appeal. In *Van Der End*, we held that by pleading guilty, the defendant waived his right to raise a Confrontation Clause challenge to the government's evidence that the vessel upon which he and Suarez traveled was stateless and therefore subject to the jurisdiction of the United States. *Id.* at *3. Relatedly, we held that the defendant, by pleading guilty, had waived his claim that the district court should have submitted the question of whether the vessel was subject to the

2

United States' jurisdiction to the jury. *Id*. at *3-4. Because Suarez pled guilty, he has likewise waived these rights.

In *Van Der End*, we held that the government had presented sufficient evidence of the vessel's statelessness, *id*. at *3, and that the Due Process Clause does not require that MDLEA crimes committed on board stateless vessels have a nexus to the United States, *id*. at *4-5. These conclusions apply equally to Suarez's arguments concerning the sufficiency of the evidence of the vessel's statelessness and the Due Process Clause's constraints on the MDLEA.

Suarez has raised no arguments on appeal that were not advanced by his codefendant and resolved by this Court in *Van Der End.* Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk